Johnson, J.
It is conceded that the legislature possessed the power to abolish the old board and create a new board, and to compel a surrender of all the books, papers, &c., to the new board. It is also conceded that it was the manifest intention of the legislature, as exjoressed in the amendments to sections 1984 et seq., independent of this proviso, to abolish the old board, and to vest the police power in the new board to be organized under the act of April 8, 1881; but it is claimed that by the second clause of section 3 this object and intention is rendered nugatory, by reason of the repugnancy between this clause and the general provisions of the act.
By the terms of sections 1984 and 1985, as amended, the police power was vested in a board of four persons, with the mayor as an ex-officio member. These four were to be immediately appointed, after the act was passed. They were so appointed, and were duly qualified and organized, but the old boai'd refused to recognize their title or authority, and claim that it was still the lawful-police board of the city. This claim is based on what is termed the proviso of section 3 which reads: “ Provided, further, that in cities of the third grade of the first class, the police commissioners now holding office.....shall continue to discharge the duties of their office until the organization of the board of police commissioners to be elected at the ensuing municipal election and no longer; at which time, all books, papers and appurtenances of the police department in the hands and under the control of such police commissioners or any of them, shall be placed at the disposal of the police commissioners elected at such election.”
The argument is, that this proviso is repugnant to the general provisions of the statute, and as the last expression of the legislative intent it must prevail. Or, to state the claim in another form, the. legal force and effect of the prior provisions, of the statute and of its 4th and 5th sections, which repealed the former law, and gave it effect'from the day of its passage, is rendered nugatory by this clause as to the expiration of the terms of office of the old members. Notwithstanding the new board was to be immediately appointed and organized, and *101 was to be thereafter vested with all the police power of the city yet the claim is that the proviso is so repugnant to this manifest intention, that, it is defeated by the clause under con sideration.
Is this claim well founded ?
Section 3 consists of two clauses. The first is in its nature a saving clause, and provides that the statute “ shall not be construed to affect the terms of the appointees of the old board made under the repealed statutes. It authorizes them to hold over until the organization of the new board, and the appointment by them of certain officers therein named. The terms used are, “ until the organization of the board of police commissioners and the appointment by them of. the,, health officers of cities as herein provided.” A definite time is thus fixed when the terms of those officers who hold by appointment shall expire. The legal effect of the general provisions of the statute is, by this clause, so modified as to allow these appointees to continue in office notwithstanding the repeal of the statute under which they derived title, until their successors were appointed by the new board. Thus an interregnum was prevented and the old appointees continued in office after the new statute took effect.
The second clause is of the same nature, and obviously was intended for the same purpose, as to the members of the old board. As some time would necessarily elapse, between the taking effect of the new act, and the organization of the board created thereby, it was necessary in order to prevent an interregnum that the old board should be continued until the new one could be appointed and qualified to assume the duties imposed. Without some saving provisions the legal effect of the act of April 8 was to divest the old board of all power after that date, and to leave the city without a police board until the new one could be organized. To guard against this, and to providefor the time necessarily intervening between the taking effect of the act and the appointment and organization of the new board, was the manifest purpose of this proviso. By its terms, as literally expressed, the old board was to continue “ until the organization of the board of police commissioners *102 to he elected at the ensuing munici/pal election and no longer.”
That the legislature intended to abrogate the old board, and invest the new with the police powers of the city, is frankly conceded by defendants’ counsel; but it is claimed that this manifest intent must fail because of the repugnance between this second clause and the. general provisions of the act. This clause refers to a time to which “ and no longer ” the old board shall hold over. The old board shall continue in office until the organization of the board of police commissioners to he elected at the ensuing municipal election and no longer. As by the act only one member of the board is to be elected at the ensuing municipal election, and one each year thereafter, there is no board to be elected at such ensuing election. The event referred to is one that can never happen. If it be regarded as a proviso and not a saving clause, it can have no possible force, as an authority to the old board to hold over, or as an implied repeal of the prior provisions of the act. If this clause had, like the preceding one, designated the new board in general terms as “the board of police commissioners,” there would have been no incongruity between it and the purview of the statute, but when by way of description is added the words, “ to be elected at the ensuing municipal election,” the difficulty arises ; and if the act provided for the election of a board at the ensuing election in 1882, there would have been a clear case of repugnancy.
The rule relied on is, that in case of such repugnancy the proviso must prevail. Sedgwick, in his able work on statutory construction, characterizes this as “ a curious rule of a very arbitrary nature.” Sedgwick, 49.
He calls attention to the fact that it is in conflict with the one as to a repugnant saving clause, and quotes Chancellor Kent,- as saying : “ A proviso repugnant to the purview of the statute renders it equally nugatory and void as a repugnant saving clause; and it is difficult to see why the act should be destroyed by the one and not by the other, or why the proviso and the saving clause, when inconsistent with the body of the act, should not both of them be" rejected.”- We are not re *103 quired in this case either to accept or challenge this rule of construction. If we concede its full force, it only applies, when the proviso is so repugnant to the body of the act, that both cannot stand. A proviso, to have such an effect, must be plain and specific, and have legal force and effect. The terms of the proviso must be in such direct conflict with the other provisions of the act that both cannot stand.
If this clause read, “ until the organization of the board of police commissioners provided for by this aetf there would have been no uncertainty as to its meaning. It would have accomplished the evident purpose of the legislature. It would do no violence to accepted canons of construction to so read it, and thereby avoid defeating the admitted intention of the law-makers. Rut if we must adhere to the terms used, then this proviso is itself nugatory as fixing no time when the old board is to surrender the office, books, &c., to the new. Giving to the rule of construction invoked its full force, it can have m> application to a proviso which is of no force or effect.
The principle underlying this rule is, that in case of conflicting provisions so repugnant that both cannot be reconciled and have effect, the latest expression of the legislative will must prevail. It rests upon the same foundation as repeals by implication, where a subsequent statute is in conflict with a prior statute. Repeals by implication arising out of conflicting provisions are not favored, and cannot exist when the last and conflicting provision has no legal effect, or where it can be so construed as not to defeat the manifest intention of the statute, considered as a whole.

Judgment of ouster.